FILED
2015 Oct-19  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| PAMELA E. MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| OASIS OUTSOURCING, II, INC., | ) | |
| and fictitious defendants "A," "B," | ) | |
| and "C", | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Oasis Outsourcing, II, Inc. ("Oasis") removes this action from the Circuit Court of Lauderdale County, Alabama, where it is currently pending as Civil Action Number CV-2014-900414.00, to the United States District Court for the Northern District of Alabama, Northwestern Division.  A copy of the service of process and pleadings served on defendant is attached to this notice as Exhibit A.  As grounds for removal, Oasis states as follows:

1.      Plaintiff Pamela McClure commenced this action by filing a complaint on September 12, 2014, in the Circuit Court of Lauderdale County, Alabama.  Oasis received copies of the summons and complaint in this case on March 9, 2015.  Plaintiff's initial complaint asserted a claim for worker's compensation benefits and a claim for retaliatory discharge under Ala. Code § 25-5-11.1 against Oasis and

fictitious defendants A - C.  Plaintiff's complaint alleged that she was due worker's compensation benefits for an injury to her shoulder received on the job and that she was terminated in retaliation for seeking worker's compensation benefits.  The initial complaint was not subject to federal jurisdiction because it brought claims only under Alabama's worker's compensation statute.  See 28 U.S.C. § 1445(c); see also Reed v. Heil Co., 206 F.3d 1055, 1058-61 (11th Cir. 2000) (holding that under § 1445(c) federal courts lack subject matter jurisdiction over claims arising under worker's compensation laws and retaliatory discharge claims arising under § 25-5-11.1 of the Alabama Code).

2.      However, on October 2, 2015, plaintiff filed an amended complaint.  In addition to a claim for worker's compensation and retaliatory discharge in Counts One and Two, plaintiff added a claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq* ("ADA") in Count Three.  Because this notice of removal under 28 U.S.C. § 1441 was filed within 30 days of receipt of the amended complaint that created federal question jurisdiction by adding the ADA claim, this notice of removal is timely under 28 U.S.C. § 1446(b)(3).

3.      This Court has jurisdiction over plaintiff's suit because it is a "civil action[] arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed

by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).

4.      Here, Count Three of plaintiff's amended complaint is "brought pursuant to" the ADA and alleges that Oasis violated the ADA by allegedly terminating her because of her disability or because it regarded plaintiff as disabled.  (Am. Compl., ¶¶ 15, 23-26).  There is no question that the ADA "creates the cause of action" in Count Three of her complaint.  Therefore, this Court has subject matter jurisdiction of plaintiff's civil suit under 28 U.S.C. § 1331 and removal is proper 28 U.S.C. § 1441(a).

5.      Oasis recognizes that the Court lacks jurisdiction over plaintiff's worker's compensation claim in Count One and her retaliatory discharge claim in Count Two. See 28 U.S.C. § 1445(c); see also Reed, 206 F.3d at 1058-61.  However, under 28 U.S.C. § 1441(c)(1)(B), when there is "a claim not within the original or supplemental jurisdiction of the district court *or a claim that has been made*

*nonremovable by statute*, the entire action may be removed if the action would be removable without the inclusion of the" claim not within the court's jurisdiction.  Id. (emphasis supplied).  Upon removal of such an action, "the district court shall sever from the action" all nonremovable claims "and shall remand the severed claims to the State court from which the action was removed."  28 U.S.C. § 1441(c)(2). Accordingly, removal of this entire action is proper, but the Court must remand the worker's compensation and retaliatory discharge claims because those claims have been made nonremovable by statute.  See 28 U.S.C. § 1445(c).  Oasis has filed contemporaneously with this notice of removal a motion to sever and remand the worker's compensation and retaliatory discharge claims.

6.     In accordance with 28 U.S.C. § 1446(a), Oasis has attached hereto as Exhibit "A" a true and correct copy of all process, pleadings, and orders which were served upon them while this action was pending in the Circuit Court of Lauderdale County, Alabama.  Additionally, in accordance with 28 U.S.C. § 1446(d), the defendants have promptly provided written notice to the adverse party of the removal of this action and filed a copy of this notice of removal with the Clerk of the Circuit Court of Lauderdale County, Alabama.

7.     Oasis will respond to the complaint within the 7-day time period following notice of removal, as permitted by Fed. R. Civ. P. 81(c)(2)(C).

4

s/ David J. Canupp
David J. Canupp

s/ Brad A. Chynoweth
Brad A. Chynoweth

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue,  Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail:  djc@LanierFord.com & bac@LanierFord.com

Attorneys for Defendant Oasis Outsourcing, II, Inc.

CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> J. Wilson Mitchell
> Mitchell, Burdine & Bernauer
> 1905 Bruin Drive
> Florence, AL 35630
> jwm82256@aol.com
>
> D. Edward Starnes, III
> Travis S. Jackson
> LANIER FORD SHAVER & PAYNE, P.C.
> P. O. Box 2087
> 2101 West Clinton Avenue,  Suite 102 (35805)
> Huntsville, AL 35804
> des@lanierford.com
> tsj@lanierford.com

on this the 19th day of October, 2015.

> s/ David J. Canupp
> David J. Canupp