FILED
2015 Oct-19  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>41-CV-201<br>Date of Filing:<br>09/12/2014 | ELECTRONICALLY FILED<br>9/12/2014 9:46 AM<br>41-CV-2014-900414.00<br>CIRCUIT COURT OF<br>LAUDERDALE COUNTY, ALABAMA<br>MISSY HOMAN HIBBETT, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF LAUDERDALE COUNTY, ALABAMA
### PAMELA E. MCCLURE v. OASIS OUTSOURCING, II, INC.

First Plaintiff: ☐ Business ☑ Individual     First Defendant: ☑ Business ☐ Individual
             ☐ Government ☐ Other                     ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
     Appeal/Enforcement of Agency Subpoena/Petition to
     Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
     Judgment/Injunction Election Contest/Quiet Title/Sale For
     Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☑ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM      O ☐ OTHER
                              DISTRICT COURT
       R ☐ REMANDED          T ☐ TRANSFERRED FROM
                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ Yes ☑ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** MIT016     9/12/2014 9:46:01 AM     /s/ J WILSON MITCHELL

**MEDIATION REQUESTED:** ☑ Yes ☐ No ☐ Undecided

DOCUMENT 2

ELECTRONICALLY FILED
9/12/2014 9:46 AM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

STATE OF ALABAMA       IN THE CIRCUIT COURT

LAUDERDALE COUNTY      CASE NO.

**PAMELA E. MCCLURE,**

  Plaintiff,

v.

**OASIS OUTSOURCING, II, INC.,** )
**and defendants "A", "B",** )
**"C", said defendants "A", "B" and** )
**"C" being the correct legal designation** )
**of Oasis Outsourcing, II, Inc. and/or being** )
**the correct legal designation of the** )
**employer of plaintiff on or about January** )
**22, 2012, for on or about any** )
**period of time material herein,** )
**including the date of injury forming** )
**the basis of this Worker's Compensation** )
**action, and being the person, firm or** )
**corporation who wrongfully terminated** )
**plaintiff forming the basis of Count Two** )
**herein, whose names are otherwise** )
**unknown to plaintiff but will be added** )
**by amendment hereto when ascertained.** )
            )
  Defendants. )

## COMPLAINT

### COUNT ONE - WORKER'S COMPENSATION BENEFITS

1.  Plaintiff Pamela E. McClure is a resident citizen of Lauderdale County,

Alabama, and is over the age of nineteen (19) years.

2.  Defendant Oasis Outsourcing, II, Inc. is, upon information and belief, a

foreign corporation regularly conducting business in the state of Alabama as Holiday Inn

Express at 101 Etta Gray Street, Florence, Alabama.

3.  Defendants "A" "B" and "C" being the correct legal designation of

defendant Oasis Outsourcing, IL Inc., and/or being the correct legal designation of the employer of plaintiff on or about January 22, 2012 and/or July 1, 2014, and/or for on or about any period of time material herein, including the date of injury forming the basis of this Worker's Compensation action, and being the person, firm or corporation who wrongfully terminated plaintiff forming the basis of Count Two herein, whose names are otherwise unknown to plaintiff but will be added by amendment hereto when ascertained.

4.      On or about January 22, 2012, while in the line and scope of her employment with defendant, plaintiff sustained an on the job injury, including, but not limited to right shoulder, requiring medical treatment, and surgery on or about September 13, 2012, and will require future medical treatment, future surgery, causing permanent partial disability, and/or causing plaintiff permanent total disability, and/or causing plaintiff diminished capacity to the body as a whole.

5.      While working for defendant, plaintiff had an average weekly wage of $236.58.

6.      As a direct and proximate consequence of the said work related injury, plaintiff has been caused to suffer permanent diminished ability to her right shoulder, her right arm, her left shoulder, her left arm, her neck, spine, and suffered permanent substantial adverse consequences to the body as a whole.

7.      As a direct and proximate consequence of said injuries, that plaintiff sustained herein, plaintiff is now, and continues to be temporarily and totally disabled and/or permanently and partially disabled and/or permanently totally disabled.

8.      Defendant received actual notice of said work related injury, and is paying for and has paid for medical treatment and surgery for same, and defendant has been paid

temporary total disability payments, for six to eight weeks following the September 13, 2012 surgery to plaintiffs right shoulder.

9.      THEREFORE, plaintiff prays for the following relief:

(A)      That this Honorable Court will authorize and confirm the employment of J. Wilson Mitchell of the firm of Mitchell, Burdine & Bernauer as attorney for plaintiff and will accept this verified pleading as the sworn testimony of plaintiff for the relief prayed for; and

(B)      That this Honorable Court will award plaintiff from defendant Oasis Outsourcing, II, Inc. "A", "B" and "C":

(1)      Unpaid temporary total disability benefits due;

(2)      Permanent partial disability benefits due;

(3)      Permanent total disability benefits due;

(4)      Payments for medical benefits past, present and future;

(5)      Payment for vocational rehabilitation; and

(6)      For such other, further, or different relief as to which plaintiff may be entitled under the Worker's Compensation Laws of the State of Alabama, plus interest, costs, and a reasonable attorney's fee.

## COUNT TWO - WRONGFUL TERMINATION

10.      Plaintiff reasserts Paragraphs 1-9 as though fully set out herein and in addition thereto asserts the following:

11.      On or about July 1, 2014 defendant unlawfully terminated the employment of plaintiff with defendant in violation of Alabama Code Section 25-5-11.1.

12.      As a proximate consequence of the unlawful and/or wrongful termination

plaintiff suffered the loss of income, the loss of employment, and will so suffer into the future, suffered the loss of benefits, and will suffer into the future; and suffered mental anguish, emotional distress, and other damages according to proof.

13.     THEREFORE, plaintiff demands judgment against defendant Crisis Outsourcing, IL, Inc. "A", "B" and "C" in an amount to be determined by the trier of fact herein, said amount to be in excess of the jurisdictional requirements of this Honorable Court, as both compensatory and punitive damages, plus interest, costs, an attorney's fee, and for such other, further, or different relief as to which plaintiff is entitled.

Respectfully submitted,

*Pamela E. McClure*

Pamela E. McClure

Sworn to and subscribed before me on this the 11th day of September, 2014.

Notary Public

My Commission Expires _____1-9-18__

DOCUMENT 2

J. Wilson Mitchell
Attorney for plaintiff

MITCHELL, BURDINE & BERNAUER
1905 Bruin Drive
Florence, AL 35630
(256) 767-4900

DOCUMENT 3

ELECTRONICALLY FILED
9/12/2014 9:46 AM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

STATE OF ALABAMA                          IN THE CIRCUIT COURT

LAUDERDALE COUNTY                         CASE NO.

PAMELA E. MCCLURE,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )
OASIS OUTSOURCING, II,            )
INC., et al.                      )
                                  )
        Defendants.               )

## FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OASIS OUTSOURCING, II, INC.

Comes now plaintiff Pamela E. McClure and propounds the following First

Interrogatories to be responded to in conformity with the Alabama Rules of Civil

Procedure:

1.      State whether or not the injuries alleged by plaintiff herein are covered

under the Workman's Compensation Laws of the State of Alabama, and if not state the

reason for same.

2.      Was plaintiff your employee under a contract of hire, written or implied,

as alleged in the Complaint?

3.      If your answer to Interrogatory #2 is in the negative, state in detail your

reasons for denying that plaintiff was an employee.

4.      Based on your records state:

(a)     Plaintiff's gross earnings for the fifty-two (52) weeks prior to the date of

plaintiff's termination, or plaintiff's last date employed by defendant.

5.      Specify the "average weekly earnings" that you contend plaintiff had on

DOCUMENT 3

the last day plaintiff was last employed by defendant, and explain how the figure was calculated.

6.   State whether plaintiff was given any physical examination in connection with his employment by you prior to the date of plaintiff's termination or date last employed by defendant. If so, as to each examination state the date, the name and address of the examining physician, describe any written report, record or memoranda prepared in connection with the examination, and the name, address and job classification of the person having custody of the documents.

7.   Do you or your lawyers have in your possession or custody any report or records from any hospitals or doctors concerning examinations or treatment of plaintiff prior to the date of plaintiff's termination or date last employed? If so, state the name of the physician or hospital preparing the report or records, the date, and the findings.

8.   To your knowledge or to that of your lawyer, did plaintiff ever suffer any non-work related injuries to the part or function of the body claimed in this suit to have been injured; if so, when and what was the nature of the injury.

9.   To your knowledge, or that of your lawyer, was plaintiff ever examined or treated for a disability to the parts of his body alleged in this suit to have been injured. If so, when where and by whom.

10.   Did plaintiff suffer a work related injury as alleged in the Complaint. If no, state in detail the reasons for your denial.

11.   Did plaintiff's injury as alleged in the Complaint arise out of plaintiff's employment with defendant? If not, state in detail the reasons for your denial.

12.   State when the injury, as alleged in the Complaint, first come to the

attention of defendant or any representative of defendant, by whom it was reported, to whom it was reported, and defendant is requested to make production of copies of any incident reports or reports of accidents filed by or for plaintiff.

13.     Is this defendant correctly named in the Complaint. If not, state its full correct legal name.

14.     State why plaintiff's employment with defendant was terminated, and list the names of all people involved in that decision.

15.     State why plaintiff was not allowed to return to work with defendant, and list the names of all people involved in that decision.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     All documents identified in response to these interrogatories.

2.     All manuals, personnel documents, or guidelines which describe practices, policies, procedures, rules or criteria used in hiring, job qualifications, discipline or discharge which were in effect during the time plaintiff was employed with defendant.

3.     Copies or job descriptions of all positions held by plaintiff with defendant.

4.     Copies of the personnel files of plaintiff, this request includes any secondary personnel files, worker's compensation files, suspense files, employee files, evaluation files, medical files, health insurance files, FMLA files, emails, or any other files containing personal information as to plaintiff.

5.     Copies of all payroll records regarding plaintiff including but not limited to time sheets, W-2's and 1099's.

Respectfully submitted,

J. Wilson Mitchell      (MIT016)
Attorney for plaintiff
Pamela E. McClure

MITCHELL, BURDINE & BERNAUER
1902 Bruin Drive
Florence, AL 35630
(256) 767-4900

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing be served with the Complaint herein.

J. Wilson Mitchell

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>41-CV-2014-900414.00 |
|---|---|---|

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.

OASIS OUTSOURCING, II, INC., C/O CORPORATION COMPANY 2000 INTERSTATE PARK DR., MONTGOMERY, AL 36109

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY J WILSON MITCHELL

WHOSE ADDRESS IS 1905 Bruin Drive, FLORENCE, AL 35630 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    PAMELA E. MCCLURE

pursuant to the Alabama Rules of the Civil Procedure

Date    9/12/2014 9:46:01 AM        /s/ MISSY HOMAN HIBBETT _____

Clerk/Register

200 SOUTH COURT STREET

FLORENCE, AL 35630

☑ Certified Mail is hereby requested        /s/ J WILSON MITCHELL _____

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

(Date)

_____        _____        _____
Date                            Server's Signature                Address of Server

_____        _____        _____
Type of Server                  Server's Printed Name             Phone Number of Server

**TO:**

Oasis Outsourcing, II, Inc.
C/O Corporation Company
2000 Interstate Park Dr.
Montgomery, AL 36109

**SENDER:**

**REFERENCE:** CV14-900414 D001

9314 7699 0430 0006 4208 85

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | | |
|---|---|---|
| Postage | 0.90 |
| Certified Fee | 3.30 |
| Return Receipt Fee | 2.70 |
| Restricted Delivery | 20.00 |
| Total Postage & Fees | 6.90 |

**USPS® Receipt for Certified Mail™**

POSTMARK OR DATE

No Insurance Coverage Provided
Do Not Use for International Mail

DOCUMENT 6

# TO:

Coventry Healthcare
PO Box 7374
London, KY 40742

## SENDER:

## REFERENCE:

CV14-900414 Subp.

9314 7699 0430 0006 4812 64

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | | |
|---|---|---|---|
| | Certified Fee | | 0.90 |
| | Return Receipt Fee | | 3.30 |
| | Restricted Delivery | | 2.70 |
| | Total Postage & Fees | | 0.00 |
| | | | 6.90 |

## USPS®
## Receipt for
## Certified Mail™

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

CERTIFIED MAIL

9314 7699 0430 0806 4208 85

RETURN RECEIPT REQUESTED

0009/22/14

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

352 05 1300

BC: 35631077675          *2375-04527-22-22

Missy Homan Hibbett
Circuit Court Clerk
P.O. Box 776
Florence, AL 35631-0776

Oasis Outsourcing, II, Inc.
C/O Corporation Company
2000 Interstate Park Dr.
Montgomery, AL 36109

# Filed in Office

SEP 2 3 2014

Thank you for using Return Receipt Service

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery

C. Signature

X _Missy Hman Mitchell_

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

_James Mitchell_

Reference Information

CV14-900414 Dogett

2. Article Number

9314 7699 0430 0006 4208 85

Service Type **CERTIFIED MAIL®**

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Article Addressed to:

Oasis Outsourcing, II, Inc.
C/O Corporation Company
2000 Interstate Park Dr.
Montgomery, AL 36109

PS Form 3811, January 2005          Domestic Return Receipt

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF RETURN ADDRESS, FOLD AT DOTTED LINE

**RETURN RECEIPT REQUESTED**
**USPS® MAIL CARRIER**
**DETACH ALONG PERFORATION**

Thank you for using Return Receipt Service

DOCUMENT 8

ELECTRONICALLY FILED
2/16/2015 1:44 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

STATE OF ALABAMA                                    IN THE CIRCUIT COURT

LAUDERDALE COUNTY                                   CASE NO.

PAMELA E. MCCLURE,

     Plaintiff,

v.

OASIS OUTSOURCING, II, INC.,                    )
and defendants "A", "B",                        )
"C", said defendants "A", "B" and               )
"C" being the correct legal designation         )
of Oasis Outsourcing, II, Inc. and/or being     )
the correct legal designation of the            )
employer of plaintiff on or about January       )
22, 2012, for on or about any                   )
period of time material herein,                 )
including the date of injury forming            )
the basis of this Worker's Compensation         )
action, and being the person, firm or           )
corporation who wrongfully terminated           )
plaintiff forming the basis of Count Two        )
herein, whose names are otherwise               )
unknown to plaintiff but will be added          )
by amendment herein when ascertained.           )
                                                )
     Defendants.                               )

## COMPLAINT

### COUNT ONE – WORKER'S COMPENSATION BENEFITS

1.    Plaintiff Pamela E. McClure is a resident/citizen of Lauderdale County,

Alabama, and is over the age of nineteen (19) years.

2.    Defendant Oasis Outsourcing, II, Inc. is upon information and belief a

foreign corporation regularly conducting business in the state of Alabama as Drughty Inn

Express at 101 Etta Gray Street, Florence, Alabama.

3.    Defendants "A", "B" and "C" being the correct legal designation of

defendant Quas Outsourcing, IL  Inc. , and/or being the correct legal designation of the employer of plaintiff on or about January 22, 2012 and/or July 1, 2014, and/or for on or about any period of time material herein, including the date of injury forming the basis of this Worker's Compensation action, and being the person, firm or corporation who wrongfully terminated plaintiff forming the basis of Count Two herein, whose names are otherwise unknown to plaintiff but will be added by amendment hereto when ascertained.

4.      On or about January 22, 2012, while in the line and scope of her employment with defendant, plaintiff sustained an on the job injury, including, but not limited to right shoulder, requiring medical treatment, and surgery on or about September 13, 2012, and will require future medical treatment, future surgery, causing permanent partial disability, and/or causing plaintiff permanent total disability, and/or causing plaintiff diminished capacity to the body as a whole.

5.      While working for defendant, plaintiff had an average weekly wage of $236.58.

6.      As a direct and proximate consequence of the said work related injury, plaintiff has been caused to suffer permanent diminished ability to her right shoulder, her right arm, her left shoulder, her left arm, her neck, spine, and suffered permanent substantial adverse consequences in the body as a whole.

7.      As a direct and proximate consequence of said injuries, that plaintiff sustained herein, plaintiff is now, and continues to be temporarily and totally disabled and/or permanently and partially disabled and/or permanently totally disabled.

8.      Defendant received actual notice of said work related injury, and is paying for and has paid for medical treatment and surgery for same, and defendant has been paid

temporary total disability payments, for six to eight weeks following the September 13, 2012 surgery to plaintiff's right shoulder.

9.    THEREFORE, plaintiff prays for the following relief:

(A)    That this Honorable Court will authorize and confirm the employment of J. Wilson Mitchell of the firm of Mitchell, Burdine & Bernauer as attorney for plaintiff and will accept this verified pleading as the sworn testimony of plaintiff for the relief prayed for; and

(B)    That this Honorable Court will award plaintiff from defendant Oasis Outsourcing, II, Inc. "A", "B" and "C":

(1)    Unpaid temporary total disability benefits due;

(2)    Permanent partial disability benefits due;

(3)    Permanent total disability benefits due;

(4)    Payments for medical benefits past, present and future;

(5)    Payment for vocational rehabilitation; and

(6)    For such other, further, or different relief as to which plaintiff may be entitled under the Worker's Compensation Laws of the State of Alabama, plus interest, costs, and a reasonable attorney's fee.

## COUNT TWO - WRONGFUL TERMINATION

10.    Plaintiff reasserts Paragraphs 1-9 as though fully set out herein and in addition thereto asserts the following:

11.    On or about July 1, 2014 defendant unlawfully terminated the employment of plaintiff with defendant in violation of Alabama Code Section 25-5-11.1.

12.    As a proximate consequence of the unlawful and/or wrongful termination

DOCUMENT 8

plaintiff suffered the loss of income, the loss of employment, and will so suffer into the future, suffered the loss of benefits, and will suffer into the future, and suffered mental anguish, emotional distress, and other damages according to proof.

15. THEREFORE plaintiff demands judgment against defendant Data Processing, II, bid "A", "B" and "C" in an amount to be determined by the trier of fact but in said amount to be in excess of the jurisdictional requirements of this Honorable Court, as both compensatory and punitive damages, plus interest, costs, an attorney's fee and for such other, further, or different relief as to which plaintiff is entitled.

Respectfully submitted,

_Pamela E. McClure_

Pamela F. McClure

Sworn to and subscribed before me on this the 11th day of September, 2014.

_____

Notary Public
My Commission Expires _____ 1-9-18

DOCUMENT 8

J. Wilson Mitchell
Attorney for plaintiff

MITCHELL, BURDINE & BERNAUER
1005 Brum Drive
Florence, AL 35630
(256) 767-4900

DOCUMENT 9

ELECTRONICALLY FILED
2/16/2015 1:44 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

STATE OF ALABAMA                          IN THE CIRCUIT COURT

LAUDERDALE COUNTY                         CASE NO.

PAMELA E. MCCLURE,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )
OASIS OUTSOURCING, II,            )
INC., et al,                      )
                                  )
        Defendants.               )

## FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OASIS OUTSOURCING, II, INC.

Comes now plaintiff Pamela E. McClure and propounds the following First Interrogatories to be responded to in conformity with the Alabama Rules of Civil Procedure:

1.   State whether or not the injuries alleged by plaintiff herein are covered under the Workman's Compensation Laws of the State of Alabama, and if not state the reason for same.

2.   Was plaintiff your employee under a contract of hire, written or implied, as alleged in the Complaint?

3.   If your answer to Interrogatory #2 is in the negative, state in detail your reason for denying that plaintiff was an employee.

4.   Based upon your records, state:

(a)   Plaintiff's gross earnings for the fifty-two (52) weeks prior to the date of plaintiff's termination, or plaintiff's last date employed by defendant.

5.   Specify the "average weekly earnings" that you contend plaintiff had on

the last day plaintiff was last employed by defendant, and explain how the figure was calculated.

6.     State whether plaintiff was given any physical examination in connection with his employment by you prior to the date of plaintiff's termination or date last employed by defendant. If so, as to each examination state the date, the name and address of the examining physician, describe any written report, record or memoranda prepared in connection with the examination, and the name, address and job classification of the person having custody of the documents.

7.     Do you or your lawyers have in your possession or custody any report or records from any hospitals or doctors concerning examinations or treatment of plaintiff prior to the date of plaintiff's termination or date last employed? If so, state the name of the physician or hospital preparing the report or records, the date, and the findings.

8.     To your knowledge or to that of your lawyer, did plaintiff ever suffer any non-work related injuries to the part or function of the body claimed in this suit to have been injured; if so, when and what was the nature of the injury.

9     To your knowledge, or that of your lawyer, was plaintiff ever examined or treated for a disability to the parts of his body alleged in this suit to have been injured. If so, when where and by whom.

10.    Did plaintiff suffer a work related injury as alleged in the Complaint. If not, state in detail the reasons for your denial.

11.    Did plaintiff's injury as alleged in the Complaint arise out of plaintiff's employment with defendant? If not, state in detail the reasons for your denial.

12.    State when the injury, as alleged in the Complaint, first come to the

attention of defendant or any representative of defendant, by whom it was reported, to whom it was reported, and defendant is requested to make production of copies of any incident reports or reports of accidents filed by or for plaintiff.

13.     Is this defendant correctly named in the Complaint. If not, state its full correct legal name.

14.     State why plaintiff's employment with defendant was terminated, and list the names of all people involved in that decision.

15.     State why plaintiff was not allowed to return to work with defendant, and list the names of all people involved in that decision.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.     All documents identified in response to these interrogatories.

2.     All manuals, personnel documents, or guidelines which describe practices, policies, procedures, rules or criteria used in hiring, job qualifications, discipline or discharge which were in effect during the time plaintiff was employed with defendant.

3.     Copies or job descriptions of all positions held by plaintiff with defendant.

4.     Copies of the personnel files of plaintiff, this request includes any secondary personnel files, worker's compensation files, suspense files, employee files, evaluation files, medical files, health insurance files, FMLA files, emails, or any other files containing personal information as to plaintiff.

5.     Copies of all payroll records regarding plaintiff including but not limited to time sheets, W-2's and 1099's.

Respectfully submitted,

_____
J. Wilson Mitchell        (MIT016)
Attorney for plaintiff
Pamela E. McClure

MITCHELL, BURDINE & BERNAUER
1905 Bruin Drive
Florence, AL 35630
(256) 767-1900

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing be served with the Complaint herein.

_____
J. Wilson Mitchell

DOCUMENT 10

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>41-CV-2014-900414.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
### PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.

OASIS OUTSOURCING, II, INC., STE 300 2054 VISTA PKWY, WEST PALM BEACH, FL 33411

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY J WILSON MITCHELL

WHOSE ADDRESS IS 1905 Bruin Drive, FLORENCE, AL 35630 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    MCCLURE PAMELA E.
    pursuant to the Alabama Rules of the Civil Procedure

Date   2/16/2015 1:44:11 PM        /s/ MISSY HOMAN HIBBETT
                                   Clerk/Register
                                   200 SOUTH COURT STREET
                                   FLORENCE, AL 35630

☑ Certified Mail is hereby requested        /s/ J WILSON MITCHELL
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                            (Date)

_____        _____        _____
Date                       Server's Signature         Address of Server

_____        _____        _____
Type of Server             Server's Printed Name       Phone Number of Server

DOCUMENT 1-1

**TO:**

Oasis Outsourcing, II, Inc.
STE 300 2054 Vista Pkwy.
West Palm Beach, FL 33411

**SENDER:**

**REFERENCE:**

CV14-900411 D001

9314 7699 0430 0038 8499 55

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 0.90 |
| | Certified Fee | 3.30 |
| | Return Receipt Fee | 2.70 |
| | Restricted Delivery | 0.00 |
| | Total Postage & Fees | 6.90 |

POSTMARK OR DATE

MAR - 2 2015

USPS°
Receipt for
Certified Mail™

No Insurance Coverage Provided
Do Not Use for International Mail

DOCUMENT 12

**2. Article Number**

9314 7699 0430 0010 8499 55

**1. Article Addressed to:**

Oasis Outsourcing, IL, Inc.
STE 300 2054 Vista Pkwy.
West Palm Beach, FL 33411

**4. Restricted Delivery? (Extra Fee)**  ☐ Yes

**3. Service Type  CERTIFIED MAIL®**

**COMPLETE THIS SECTION ON DELIVERY**

**A. Received by (Please Print Clearly)**

**B. Date of Delivery**

**C. Signature**

X _James Mitchell_

☐ Agent
☐ Addressee

**D. Is delivery address different from Item 1?**
**If YES, enter delivery address below:**

☐ Yes
☐ No

_Reference Information_

CV14-906414 D001

**PS Form 3811, January 2005**

Domestic Return Receipt

UNITED STATES POSTAL SERVICE®

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

Missy Homan Hibbett
Circuit Court Clerk
P.O. Box 795
Florence, AL 35631-0795

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

Filed in Of

MAR 09 2015

Missy Hibbett

DOCUMENT 13

ELECTRONICALLY FILED
4/9/2015 10:57 AM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE,                    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        Civil Action No. CV-2014-900414-GPS
                                      )
OASIS OUTSOURCING, II, INC., *et al.*,)
                                      )
            Defendants.               )

### NOTICE OF APPEARANCE

Comes now D. Edward Starnes, III of the law firm of Lanier, Ford, Shaver & Payne, P.C.,

and hereby enters his appearance as counsel for the defendant in the above-referenced matter.

_____

D. Edward Starnes, III (STA011)

Attorney for the Defendant
Oasis Outsourcing, II, Inc.

LANIER FORD SHAVER & PAYNE P.C.
2101 West Clinton Avenue, Suite 102
P. O. Box 2087 [35804]
Huntsville, Alabama 35805
(256) 535-1100
Fax: (256) 533-9322
des@lanierford.com

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows, on this the 9th day of April, 2015:

J. Wilson Mitchell
SUTTLE MITCHELL & BURDINE
1905 Bruin Drive
Florence, Alabama 35630

Of Counsel

2



AlaFile E-Notice

41-CV-2014-900414.00

To: D. EDWARD STARNES III
des@lanierford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following NOTICE OF APPEARANCE was FILED on 4/9/2015 10:57:41 AM

Notice Date:     4/9/2015 10:57:41 AM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 14



AlaFile E-Notice

41-CV-2014-900414.00

To: MITCHELL JAMES WILSON
jwm82256@aol.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following NOTICE OF APPEARANCE was FILED on 4/9/2015 10:57:41 AM

Notice Date:     4/9/2015 10:57:41 AM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 15

| STATE OF ALABAMA | Revised 3/5/08 | Cas[...] |
|---|---|---|
| Unified Judicial System | | |

41-LAUDERDALE    ☐ District Court    ☑ Circuit Court    CV2[...]

ELECTRONICALLY FILED
4/9/2015 11:02 AM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

### CIVIL MOTION COVER SHEET

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.

Name of Filing Party: D001 - OASIS OUTSOURCING, II, INC.

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.    ☐ Oral Arguments Requested

D. EDWARD STARNES III

2101 W. Clinton Ave., Suite 102
HUNTSVILLE, AL 35805

Attorney Bar No.: STA011

### TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Motion to Intervene ($297.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Other _____ | ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| ☐ Local Court Costs $ 0.00 | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Motion for HIPAA Order |
| | pursuant to Rule 45 C.F.R.    (Subject to Filing Fee) Section 164.512(3)? |

| | Date: | Signature of Attorney or Party: |
|---|---|---|
| ☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | 4/9/2015 11:00:21 AM | /s/ D. EDWARD STARNES III |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 16



ELECTRONICALLY FILED
4/9/2015 11:02 AM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　　Civil Action No. CV-2014-900414-GPS
　　　　　　　　　　　　　　　)
OASIS OUTSOURCING, II, INC., *et al.*,　)
　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　)

## MOTION FOR HIPAA ORDER
## PURSUANT TO 45 C.F.R. § 164.512(3)

COMES NOW, Oasis Outsourcing, II, Inc., the defendant in the above-referenced action, and requests that this Honorable Court enter, pursuant to 45 C.F.R. § 164.512(e)(1), a HIPAA Order, allowing defendant to obtain information from plaintiff's health care providers and health care plans. In support of this motion, the defendant states as follows:

1.　　　The plaintiff's medical condition and his medical expenses are at issue in this litigation. In his complaint, the plaintiff has alleged to have sustained injuries and incurred medical treatment and costs as a result of the defendant's conduct.

2.　　　The defendant is entitled to issue subpoenas and/or requests for medical records, pursuant to *Ala. Code* §§ 25-5-77 (1975) and 25-5-81 (1975), to the plaintiff's health care providers and health care plans requesting information and documentation regarding the plaintiff's medical records and charges for medical treatment.

3.　　　The defendant anticipates that the plaintiff's health care providers and health care plans are subject to the privacy requirements set forth at 45 C.F.R. § 164.512 and are prohibited from

disclosing information regarding the plaintiff absent a HIPAA Order pursuant to 45 C.F.R.

§ 164.512(e)(1).

4.    The defendant asserts should this Honorable Court enter a HIPAA Order, any

information the defendant receives from the plaintiff's health care providers and/or health care plans

will exclusively be used and disclosed only for the purpose of this litigation and said information and

documentation will either be returned or destroyed at the end of this litigation.

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests this

Honorable Court enter a HIPAA Order pursuant to 45 C.F.R. § 164.512(e)(1) authorizing the

plaintiff's health care providers and health care plans to disclose protected health information to the

parties for the purposes of this litigation.


D. Edward Starnes, III (STA011)
Travis S. Jackson (JAC093)

Attorneys for the Defendant
Oasis Outsourcing, II, Inc.


LANIER FORD SHAVER & PAYNE P.C.
2101 West Clinton Avenue, Suite 102
P. O. Box 2087 [35804]
Huntsville, Alabama  35805
(256) 535-1100
Fax:  (256) 533-9322
des@lanierford.com
tsj@lanierford.com


2

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows, on this the 7th day of April, 2015:

J. Wilson Mitchell
SUTTLE MITCHELL & BURDINE
1905 Bruin Drive
Florence, Alabama 35630

Of Counsel

3

DOCUMENT 17

ELECTRONICALLY FILED
4/9/2015 11:02 AM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

MCCLURE PAMELA E. )
          Plaintiff, )
                         )
V. )          **Case No.:**  CV-2014-900414.00
                         )
OASIS OUTSOURCING, II, INC. )
          Defendant. )

## HIPAA ORDER

1.     Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and any *pro se* parties to this lawsuit are permitted to inspect and copy all health information relating to any individual who is a party to this cause, or any decedent or other real party in interest, who is represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual.  Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to the lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefor (such information collectively referred to hereinafter as "(Protected Health Information").  **Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.**

2.     **This Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at a deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").**

3.     Nothing in this Order shall be deemed to relieve any party or attorney of the

requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits the disclosure of confidential communications which are protected under Alabama law for attorneys at law, psychiatrists, psychologists or otherwise.

      4.    Nothing in this Order shall be construed to authorize any party or attorney for any party to release, exchange, submit, disclose or share any Protected Health Information with any other person or any other entity, other than an agent, employee or business associate of the attorney or party, or other attorneys in this case.

      5.    At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party or destroy all documents and all copies thereof containing the Protected Health Information received pursuant to this Order.

      6.    This Order shall not be effective until fifteen (15) days following its issuance.

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

41-CV-2014-900414.00

Judge: GILBERT P SELF

To: D. EDWARD STARNES III
des@lanierford.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following matter was FILED on 4/9/2015 11:02:21 AM

**D001 OASIS OUTSOURCING, II, INC.**

MOTION FOR HIPAA ORDER

[Filer: STARNES DEWEY EDWARD III]

Notice Date:     4/9/2015 11:02:21 AM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 18



AlaFile E-Notice

41-CV-2014-900414.00

Judge: GILBERT P SELF

To:  MITCHELL JAMES WILSON
jwm82256@aol.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following matter was FILED on 4/9/2015 11:02:21 AM

**D001 OASIS OUTSOURCING, II, INC.**

MOTION FOR HIPAA ORDER

[Filer: STARNES DEWEY EDWARD III]

Notice Date:      4/9/2015 11:02:21 AM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 19

ELECTRONICALLY FILED
4/9/2015 12:47 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

### IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

MCCLURE PAMELA E.,         )
Plaintiff,               )
                        )
V.                     ) Case No.:     CV-2014-900414.00
                        )
OASIS OUTSOURCING, II, INC.,  )
Defendant.           )

### HIPAA ORDER

1.     Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and any *pro se* parties to this lawsuit are permitted to inspect and copy all health information relating to any individual who is a party to this cause, or any decedent or other real party in interest, who is represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to the lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefor (such information collectively referred to hereinafter as "(Protected Health Information"). **Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.**

2.     **This Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at a deposition or trial to disclose Protected Health Information in response to such request or subpoena. This**

DOCUMENT 19

Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3.      Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.  Nothing in this Order permits the disclosure of confidential communications which are protected under Alabama law for attorneys at law, psychiatrists, psychologists or otherwise.

4.      Nothing in this Order shall be construed to authorize any party or attorney for any party to release, exchange, submit, disclose or share any Protected Health Information with any other person or any other entity, other than an agent, employee or business associate of the attorney or party, or other attorneys in this case.

5.      At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party or destroy all documents and all copies thereof containing the Protected Health Information received pursuant to this Order.

6.      This Order shall not be effective until fifteen (15) days following its issuance.

DONE this 9th day of April, 2015.

/s/ GILBERT P SELF
CIRCUIT JUDGE



AlaFile E-Notice

41-CV-2014-900414.00

Judge: GILBERT P SELF

To:  MITCHELL JAMES WILSON
jwm82256@aol.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

A court action was entered in the above case on 4/9/2015 12:47:31 PM

ORDER
[Filer: ]

Disposition:       GRANTED
Judge:             GPS

Notice Date:       4/9/2015 12:47:31 PM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov



AlaFile E-Notice

41-CV-2014-900414.00

Judge: GILBERT P SELF

To: STARNES DEWEY EDWARD III
des@lanierford.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

A court action was entered in the above case on 4/9/2015 12:47:31 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            GPS

Notice Date:      4/9/2015 12:47:31 PM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 21


ELECTRONICALLY FILED
4/21/2015 10:46 AM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE,               )
                                 )
            Plaintiff,           )
                                 )
v.                               )          Civil Action No. CV-2014-900414-GPS
                                 )
OASIS OUTSOURCING, II, INC., *et al.,*    )
                                 )
            Defendants.          )

## ANSWER

COMES NOW the defendant identified as "Oasis Outsourcing, II, Inc.," and for answer to the complaint filed by the plaintiff, says as follows:

1.      As to the allegations of paragraph 1, the defendant admits that the plaintiff is an adult individual residing in Alabama.

2.      Defendant admits that it does business in Lauderdale County, Alabama.

3.      No response is required by this defendant to the averments in paragraph 3 of the Complaint; to the extent that a response is required, the averments are denied.

4.      The averments of paragraph 4 of the Complaint are denied.

5.      The averments of paragraph 5 of the Complaint are admitted.

6.      The averments of paragraph 6 of the Complaint are denied.

7.      The averments of paragraph 7 of the Complaint are denied.

8.      Defendant avers that it provided medical treatment and compensation payments to plaintiff pursuant to *Ala. Code* § 25-5-56 (1975), without admission of liability.

9.      No response is required to the averments of paragraph 9 of the Complaint; to the extent a response is required, the averments are denied.  Defendant is without knowledge regarding plaintiff's claim for vocational rehabilitation.

## COUNT TWO - WRONGFUL TERMINATION

10.     Defendant adopts and reasserts its to paragraphs 1-9 of the Complaint as if fully set forth herein.

11.     The averments of paragraph 11 of the Complaint are denied.

12.     The averments of paragraph 12 of the Complaint are denied.

13.     No response is required to the averments of paragraph 13 of the Complaint; to the extent a response is required, the averments are denied.

## Denial of Allegations Not Expressly Admitted

To the extent not specifically admitted or otherwise responded to above, defendant denies each and every allegation of each and every paragraph of plaintiff's complaint.

## Additional Defenses

Defendant hereby states the following additional defenses to the complaint, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted.

## FIRST DEFENSE

Defendant denies that plaintiff sustained injuries caused by accidents arising out of and in the course of her employment, and denies that plaintiff is entitled to benefits under the Alabama Workers' Compensation Act.

2

DOCUMENT 21

## SECOND DEFENSE

Defendant denies that the plaintiff sustained any "accidents" as defined by *Ala. Code* § 25-5-1(7) (1975).

## THIRD DEFENSE

Defendant denies that the plaintiff sustained any "injuries" as defined by *Ala. Code* § 25-5-1(9) (1975).

## FOURTH DEFENSE

Defendant avers that plaintiff's alleged "injuries" are a non-compensable pre-existing "disease" which did not result naturally and unavoidably from the alleged "accidents."

## FIFTH DEFENSE

Defendant denies that any alleged injury was proximately caused, either legally or medically, by a compensable accident.

## SIXTH DEFENSE

Defendant avers that   it is entitled to a credit and/or offset for any benefits or wages, paid to the plaintiff, in accordance with *Ala. Code* §§ 25-5-56 and 57 (1975).

## SEVENTH DEFENSE

Defendant avers that any benefits paid by defendant were pursuant to *Ala. Code* § 25-5-56 (1975) without admission of liability while the claim was investigated and that defendant is entitled to a credit, offset, or reimbursement of said benefits.

DOCUMENT 21

## EIGHTH DEFENSE

Defendant avers that it is entitled to a set-off pursuant to *Ala. Code* § 25-5-57(c)(1) for any benefits received by plaintiff pursuant to any disability plan, retirement plan, or any other plan providing for sick pay.

## NINTH DEFENSE

Defendant avers that it is entitled to recovery of any compensation received by plaintiff which is attributed to any award of back pay either by a court, administrative agency, arbitration, or settlement, pursuant to *Ala. Code* § 25-5-57(c)(2).

## TENTH DEFENSE

Defendant avers that it is entitled to a set-off for any salary or wage benefits paid to plaintiff, pursuant to *Ala. Code* § 25-5-57(c)(3).

## ELEVENTH DEFENSE

Defendant avers that plaintiff suffered from pre-existing conditions that were neither caused nor aggravated by her employment.

## TWELFTH DEFENSE

Defendant denies that plaintiff sustained any permanent injury as a consequence of the alleged accidents and avers that any disability is the result of pre-existing conditions which were not caused or permanently aggravated by the alleged accident.

## THIRTEENTH DEFENSE

Defendant avers that plaintiff suffered from pre-existing injuries and infirmities which limit or bar any recovery herein.

4

### FOURTEENTH DEFENSE

Defendant avers that *Ala. Code* § 25-5-58 (1975) bars or limits any recovery by plaintiff herein.

### FIFTEENTH DEFENSE

Defendant avers that plaintiff's claims are barred by the doctrine of estoppel.

### SIXTEENTH DEFENSE

Defendant asserts that plaintiff's claims are barred by the doctrine of unclean hands.

### SEVENTEENTH DEFENSE

Defendant avers that the plaintiff's claims are barred by the doctrine of inconsistent positions.

### EIGHTEENTH DEFENSE

Defendant avers that plaintiff's claims are barred by her representations or submissions to third parties that her medical conditions were not work related and were not caused by an accident arising out of and in the course of her employment.

### NINETEENTH DEFENSE

Defendant avers that, to the extent that  any medical treatment obtained by plaintiff was unauthorized, plaintiff is barred from recovery or reimbursement, pursuant to *Ala. Code* § 25-5-77 (1975).

### TWENTIETH DEFENSE

Defendant avers that plaintiff is precluded from recovery for any medical expenses incurred pursuant to *Ala. Code* § 25-5-77 (1975).

### TWENTY-FIRST DEFENSE

Defendant avers that plaintiff's seeking and receiving medical services from third party insurers of the plaintiff estops plaintiff from recovery under the Act.

### TWENTY-SECOND DEFENSE

Defendant denies the allegations of plaintiff's Complaint not herein specifically admitted, and further denies any wrong doing and demands strict proof thereof.

### AFFIRMATIVE AND OTHER DEFENSES TO COUNT TWO

### TWENTY-THIRD DEFENSE

The complaint fails to state a claim upon which relief may be granted as to said defendant.

### TWENTY-FOURTH DEFENSE

Said defendant is not guilty of the things and matters alleged in the complaint.

### TWENTY-FIFTH DEFENSE

Any recovery against said defendant for plaintiff's claims is subject to the $100,000 limitation on recovery contained in §§ 11-93-2, Code of Alabama (1975).

### TWENTY-SIXTH DEFENSE

The injuries and damages of the Plaintiff were not caused by any wrongful act or omission of said defendant.

### TWENTY-SEVENTH DEFENSE

No act or omission by this defendant proximately caused the injuries and damages sought by the plaintiff in this action.

## TWENTY-EIGHTH DEFENSE

The injuries and damages complained of by the plaintiff in this case were not caused by any wrongful act or omission by this defendant, but instead were caused by a superceding and/or intervening occurrence.

## TWENTY-NINTH DEFENSE

With regard to any claims for punitive damages alleged by plaintiff against said defendant in this action, the provisions of law of governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates defendant's rights to due process as guaranteed by the United States Constitution.

c.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

d.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the defendant's due process rights.

e.      Plaintiff's claim for punitive damages against this defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate these defendant's due

7

process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

     f.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and in violation of these defendant's due process rights.

     g.    Plaintiff's claims for punitive damages against this defendant cannot be sustained because any award of punitive damages under Alabama law would violate this defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

     h.    Plaintiff's claims of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive this defendant of due process of law.

     i.    Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, cause this defendant to be treated differently from other similarly situated persons/entities by subjecting this defendant to liability beyond the actual loss, if any, caused by defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

     j.    Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, subject this defendant to punishment for the condition of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of defendant's due process right and the Fifth and Fourteenth Amendments to the United States Constitution.

     k.    Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, expose this defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by defendant's conduct, creating a chilling effect on defendant's exercise of the right to a judicial resolution of this dispute.

     l.    Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against this defendant's punitive damages, which are penal in nature, yet compel this defendant to disclose potentially incriminating documents and evidence.

     m.    An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.     The procedures pursuant to which punitive damages are awarded subject this defendant to punishment under a law not fully established before the alleged offense.

### THIRTIETH DEFENSE

Defendant did not engage in any prohibited conduct toward plaintiff.

### THIRTY-FIRST DEFENSE

Defendant affirmatively avers that all of its actions were taken in good faith.

### THIRTY-SECOND DEFENSE

Defendant affirmatively pleads that it has complied with all of its obligations under the Alabama Worker's Compensation Act.

### THIRTY-THIRD EFENSE

Defendant avers that it took no actions against plaintiff solely because she instituted or maintained an action against the employer to obtain worker's compensation benefits.

### THIRTY-FOURTH DEFENSE

Defendant's conduct toward and treatment of plaintiff was at all times based upon legitimate, non-retaliatory factors.

### THIRTY-FIFTH DEFENSE

Plaintiff cannot prove any retaliatory conduct by defendant; alternatively, even if plaintiff could prove retaliatory conduct by defendant (which plaintiff cannot), defendant would have made the same decisions and taken the same actions without regard to any alleged discriminatory or retaliatory motive.

DOCUMENT 21

### THIRTY-SIXTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in plaintiff's Complaint because, even if defendant was found to have considered any impermissible factors in any decisions or actions with respect to plaintiff (which defendant denies), no such decisions or actions were motivated by any impermissible factors.

### THIRTY-SEVENTH DEFENSE

Plaintiff has failed to plead special damages with specificity as required by the Alabama Rules of Civil Procedure; therefore, she is barred from any recovery of special damages.

### THIRTY-EIGHTH DEFENSE

To the extent that plaintiff may seek to recover punitive or exemplary damages against defendant in this matter, defendant states that it has not acted willfully, wantonly, recklessly, intentionally, outrageously, or with malice or oppression towards plaintiff.

### THIRTY-NINTH DEFENSE

To the extent that plaintiff may seek to recover punitive or exemplary damages against defendant in this matter, defendant denies that it is guilty of any conduct which entitles plaintiff to recover punitive or exemplary damages, and further denies plaintiff can establish the elements and proof necessary to recover punitive or exemplary damages.

### FORTIETH DEFENSE

Defendant reserves the right to amend its Answer to Plaintiff's Complaint to raise any additional defenses which may become subsequently known during the litigation of this case.

D. Edward Starnes, III (STA011)
Travis S. Jackson (JAC093)

Attorneys for the Defendant
Oasis Outsourcing, II, Inc.

LANIER FORD SHAVER & PAYNE P.C.
2101 West Clinton Avenue, Suite 102
P. O. Box 2087 [35804]
Huntsville, Alabama 35805
(256) 535-1100
Fax: (256) 533-9322
des@lanierford.com
tsj@lanierford.com

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows, on this the 21st day of April, 2015:

J. Wilson Mitchell
SUTTLE MITCHELL & BURDINE
1905 Bruin Drive
Florence, Alabama 35630

Of Counsel

11



**AlaFile E-Notice**

41-CV-2014-900414.00

To:  D. EDWARD STARNES III
des@lanierford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following answer was FILED on 4/21/2015 10:46:13 AM

Notice Date:     4/21/2015 10:46:13 AM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov



AlaFile E-Notice

41-CV-2014-900414.00

To:  MITCHELL JAMES WILSON
     jwm82256@aol.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following answer was FILED on 4/21/2015 10:46:13 AM

Notice Date:     4/21/2015 10:46:13 AM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 25

ELECTRONICALLY FILED
5/19/2015 12:58 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | | |
|---|---|---|
| PAMELA E. MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CV-2014-900414-GPS |
| | ) | |
| OASIS OUTSOURCING, II, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE OF DISCOVERY

In accordance with Rule 5(d), Alabama Rules of Civil Procedure the following discovery materials were served on opposing counsel:

1.     Defendant's First Interrogatories to Plaintiff (Workers' Compensation);

2.     Defendant's First Request for Production of Documents to Plaintiff (Workers' Compensation);

3.     Defendant's First Interrogatories to Plaintiff (Retaliatory Discharge); and

4.     Defendant's First Request for Production of Documents to Plaintiff (Retaliatory Discharge).


D. Edward Starnes, III (STA011)
Travis S. Jackson (JAC093)

Attorneys for the Defendant
Oasis Outsourcing, II, Inc.

LANIER FORD SHAVER & PAYNE P.C.
2101 West Clinton Avenue, Suite 102
P. O. Box 2087 [35804]
Huntsville, Alabama  35805
(256) 535-1100
Fax:  (256) 533-9322
des@lanierford.com
tsj@lanierford.com

DOCUMENT 25

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows, on this the 19th day of May, 2015:

> J. Wilson Mitchell
> SUTTLE MITCHELL & BURDINE
> 1905 Bruin Drive
> Florence, Alabama  35630

Of Counsel

2



**AlaFile E-Notice**

41-CV-2014-900414.00

To:  D. EDWARD STARNES III
     des@lanierford.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 5/19/2015 12:58:57 PM

Notice Date:     5/19/2015 12:58:57 PM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov



AlaFile E-Notice

41-CV-2014-900414.00

To: MITCHELL JAMES WILSON
jwm82256@aol.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 5/19/2015 12:58:57 PM

Notice Date:     5/19/2015 12:58:57 PM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 25

ELECTRONICALLY FILED
7/1/2015 2:59 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE,               )
                                 )
    Plaintiff,                )
                                 )
vs.                              )     CIVIL ACTION NO. CV14-900414
                                 )
OASIS OUTSOURCING, II, INC.,     )
                                 )
    Defendants.               )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:   Clerk, Circuit Court
     Lauderdale County Courthouse
     Florence, Alabama 35630

    Take notice that the undersigned has, this date, served on counsel for all parties, the following:

    (✓)    Notice of Request for Certified Medical Records:

       1.    Med Plus
           2908 Mall Road
           Florence, AL 35630

       2.    Dr. Lloyd Dyas
           101 James Hovater Road
           Russellville, AL 35653

               D. Edward Starnes, III
               Travis S. Jackson
               Attorneys for Defendant

Of Counsel:

LANIER FORD SHAVER & PAYNE P.C.
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100
des@lanierford.com
tsj@lanierford.com

DOCUMENT 25

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record listed below who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> J. Wilson Mitchell
> Mitchell, Burdine & Bernauer
> 1905 Bruin Drive
> Florence, AL 35630

Dated this ____ day of _____, 2015.

Of Counsel

[ng]K:\AMarks\mCcLURE,pAMELA [OasisOutsourcing]\NoticeServMEDDisc.wpd

- 2 -



**AlaFile E-Notice**

41-CV-2014-900414.00

To: D. EDWARD STARNES III
des@lanierford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 7/1/2015 2:59:57 PM

Notice Date:     7/1/2015 2:59:57 PM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov



**AlaFile E-Notice**

41-CV-2014-900414.00

To:  MITCHELL JAMES WILSON
jwm82256@aol.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 7/1/2015 2:59:57 PM

Notice Date:      7/1/2015 2:59:57 PM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 27

ELECTRONICALLY FILED
7/7/2015 2:31 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN HIBBETT, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | |
|---|---|
| PAMELA E. MCCLURE, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CIVIL ACTION NO. CV14-900414** |
| | ) |
| OASIS OUTSOURCING, II, INC., | ) |
| | ) |
|     **Defendants.** | ) |

### <u>NOTICE OF SERVICE OF DISCOVERY DOCUMENTS</u>

TO:   Clerk, Circuit Court
      Lauderdale County Courthouse
      Florence, Alabama 35630

Take notice that the undersigned has, this date, served on counsel for all parties, the following:

(✓)    Notice of Intent to Serve Subpoena on Non-Parties:

       ECM Hospital
       205 Marengo Street
       Florence, AL 35630

       Community Health Clinic
       309 Handy Homes #B
       Florence, AL 3530

       Family Health Care Clinic
       216 S. Marengo St., Ste A
       Florence, AL 35630

                                  _____
                                    D. Edward Starnes, III
                                    Travis S. Jackson
                                    Attorneys for Defendant

Of Counsel:

LANIER FORD SHAVER & PAYNE P.C.
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100
des@lanierford.com
tsj@lanierford.com

DOCUMENT 27

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record listed below who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> J. Wilson Mitchell
> Mitchell, Burdine & Bernauer
> 1905 Bruin Drive
> Florence, AL 35630

Dated this __7th__ day of _____July_____, 2015.

_____
Of Counsel

[ng]K:\AMarks\mCcLURE,pAMELA [OasisOutsourcing]\NOSsub.wpd

- 2 -



AlaFile E-Notice

41-CV-2014-900414.00

To:  D. EDWARD STARNES III
     des@lanierford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 7/7/2015 2:32:19 PM

Notice Date:     7/7/2015 2:32:19 PM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov



**AlaFile E-Notice**

41-CV-2014-900414.00

To:  MITCHELL JAMES WILSON
jwm82256@aol.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 7/7/2015 2:32:19 PM

Notice Date:    7/7/2015 2:32:19 PM

MISSY HOMAN HIBBETT
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.hibbett@alacourt.gov

DOCUMENT 29

| State of Alabama<br>Unified Judicial System<br>Form C-12 Rev 8/98 | **SUBPOENA REQUEST FORM** | **Case Number**<br>CV14-900414 |
|---|---|---|

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

Civil: PAMELA MCCLURE     v.     OASIS OUTSOURCING, II, INC.

           Plaintiff                                    Defendant

Juvenile: In the matter of _____ , a child

Criminal: ☐ State of Alabama<br>          ☐ Municipality of: _____ v. _____

                                                           Defendant

Court Date _____ Court Time _____ AM/PM   Date Requested _____

## TO BE COMPLETED BY REQUESTOR

The Clerk is requested to issue an Order to Appear (Subpoena) for each of the following witnesses for:

☐ Plaintiff/State ☒ Defendant     ☐ Grand Jury     ☐ Other

                                   Date Issued                  Date Executed

1. Name:<br>Home Address:   ECM Hospital & E/R<br>                   205 Marengo Street<br>                   Florence, AL 35630          9/1/15<br>Telephone Number:                        Remarks:<br>Alternate Address:<br><br>Alternate Telephone:

*Filed in Office*
*JUL 27 2015*

2. Name:<br>Home Address:   Family Health Care Clinic<br>                   216 S. Marengo St., Ste A<br>                   Florence, AL 35630         8/1/15<br>Telephone Number:                        Remarks:<br>Alternate Address:<br><br>Alternate Telephone:

3. Name:<br>Home Address:<br><br>Telephone Number:                        Remarks:<br>Alternate Address:<br><br>Alternate Telephone:

4. Name:<br>Home Address:<br><br>Telephone Number:                        Remarks:<br>Alternate Address:<br><br>Alternate Telephone:

5. Name:<br>Home Address:<br><br>Telephone Number:                        Remarks:<br>Alternate Address:<br><br>Alternate Telephone:

**METHOD OF SERVICE REQUESTED**
     ☐ Personal ☐ Other

8/1/15        _Missy Homan Hibbett_
Date                  Clerk

**Party Requesting Subpoena**
Oasis Outsourcing, II, Inc.
_____
Signature
256.535.1100
Requestor Phone Number

DOCUMENT 30

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE,                                )
                                                  )
    Plaintiff,                )
                                                  )
vs.                                               )     CIVIL ACTION NO: CV14-900414
                                                  )
OASIS OUTSOURCING, II, INC.,                      )
                                                  )
    Defendants.               )

*Filed in Office*
*AUG 0 6 2015*

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS, ETC., UNDER RULE 45, ALABAMA CIVIL RULES OF PROCEDURE

*in Office*

TO:    ECM Hospital & E/R
        205 Marengo Street
        Florence, AL 35630

*JUL 27 2015*

You are hereby notified to comply within fifteen (15) days after service of this subpoena with the following request by the Defendant, Oasis Outsourcing, II, Inc.:

That you produce and permit Defendant or its attorneys to inspect and copy the following documents:

        Any and all records, letters, reports, charts, notes, x-ray reports, history sheets, billing and insurance information, forms completed by the patient or agents for the patient, or similar documents on **Pamela McClure**, SSN: **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**; DOB: **1/1/60**; any letters or correspondence or medical information received by you from any other physicians who have treated said patient; and to include Patient Intake sheet, medical history and pain questionnaire, history and physical reports, consultation reports, operative notes, radiology reports and discharge summaries.

Said inspection and copying shall be conducted in your office within said fifteen (15) days, or at such other time or place as may be mutually agreed upon between you and Defendant's attorney named below. You have a right to object at any time prior to the expiration of said fifteen (15) day period. Alternatively, you may copy the records in question and mail them directly to D. Edward Starnes, III or Travis S. Jackson of Lanier Ford Shaver & Payne P.C., at his address, LANIER FORD SHAVER & PAYNE P.C., Post Office Box 2087, Huntsville, Alabama 35804. Defendant's attorney agrees to pay all reasonable expenses incurred by you in connection with production of such documents at said time and place.

*RECEIVED*
*AUG 0 4 2015*
*LAUDERDALE COUNTY*
*SHERIFF DEPT.*

Dated this _1_ day of _August_, 2015.

_____
Clerk of Circuit Court

_(signature)_

D. Edward Starnes, III
Travis S. Jackson
Attorneys for Defendant

Of Counsel:

LANIER FORD SHAVER & PAYNE P.C.
2101 West Clinton Avenue, Suite 102
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100
des@lanierford.com
tsj@lanierford.com

Filed in Office

JUL 2 7 2015

_(signature)_

I certify that I personally served a copy of this subpoena to
_____ on the __5__ day of _Aug_____, 2015.

_S. Austin (signature)_

[ng] K:\AMarks\mCcLURE,pAMELA [OasisOutsourcing]\SCMsub.wpd

LAUDERDALE COUNTY SHERIFF'S DEPT.

Date of Attempt:_____
Dates of Attempt:_____
Date of Attempt:_____
( ) Bad Address
( ) No Such Number
( ) Moved
( ) House Vacant
( ) Send to_____County

Remarks:_____

Return Date:_____
Deputy's Signature:_____

- 2 -

DOCUMENT 30

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE,                          )
                                            )
    Plaintiff,                          )
                                            )
vs.                                         )    CIVIL ACTION NO. CV14-900414
                                            )
OASIS OUTSOURCING, II, INC.,                )
                                            )
    Defendants.                         )

*Filed in Office*
*AUG 0 6 2015*

### CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS, ETC., UNDER RULE 45, ALABAMA CIVIL RULES OF PROCEDURE

TO:    Family Health Care Clinic
        216 S. Marengo St., Ste A
        Florence, AL 35630

*Filed in Office*
*JUL 2 7 2015*

      You are hereby notified to comply within fifteen (15) days after service of this subpoena with the following request by the Defendant, Oasis Outsourcing, II, Inc.:

      That you produce and permit Defendant or its attorneys to inspect and copy the following documents:

      Any and all records, letters, reports, charts, notes, x-ray reports, history sheets, billing and insurance information, forms completed by the patient or agents for the patient, or similar documents on **Pamela McClure**, SSN: **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**; DOB: **1/1/60**; any letters or correspondence or medical information received by you from any other physicians who have treated said patient; and to include Patient Intake sheet, medical history and pain questionnaire, history and physical reports, consultation reports, operative notes, radiology reports and discharge summaries.

      Said inspection and copying shall be conducted in your office within said fifteen (15) days, or at such other time or place as may be mutually agreed upon between you and Defendant's attorney named below. You have a right to object at any time prior to the expiration of said fifteen (15) day period. <u>Alternatively, you may copy the records in question and mail them directly to D. Edward Starnes, III or Travis S. Jackson of Lanier Ford Shaver & Payne P.C., at his address, LANIER FORD SHAVER & PAYNE P.C., Post Office Box 2087, Huntsville, Alabama 35804. Defendant's attorney agrees to pay all reasonable expenses incurred by you in connection with production of such documents at said time and place.</u>

      Dated this  4  day of  August , 2015.

*RECEIVED*
*AUG 0 4 2015*
*LAUDERDALE COUNTY*
*SHERIFF DEPT*

Clerk of Circuit Court

D. Edward Starnes, III
Travis S. Jackson
Attorneys for Defendant

Of Counsel:

LANIER FORD SHAVER & PAYNE P.C.
2101 West Clinton Avenue, Suite 102
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100
des@lanierford.com
tsj@lanierford.com

Filed in Office
JUL 2 7 2015

I certify that I personally served a copy of this subpoena to
_____ on the _5_ day of _Aug._____, 2015.

_____ S Hester

[ng] K:\AMarks\mCcLURE,pAMELA [OasisOutsourcing]\FamilyHealthSUB.wpd

LAUDERDALE COUNTY SHERIFF'S DEPT.

Date of Attempt:_____
Dates of Attempt:_____
Date of Attempt:_____
( ) Bad Address
( ) No Such Number
( ) Moved
( ) House Vacant
( ) Send to_____County

Remarks:_____
_____
Return Date:_____
Deputy's Signature:_____

DOCUMENT 31

ELECTRONICALLY FILED
8/27/2015 12:35 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | |
|---|---|
| **PAMELA E. MCCLURE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIVIL ACTION NO. CV14-900414** |
| | ) |
| **OASIS OUTSOURCING, II, INC., et al.,** | ) |
| | ) |
| **Defendant.** | ) |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Clerk, Circuit Court
       Lauderdale County Courthouse
       Florence, Alabama

Take notice that the undersigned has, this date, served on counsel for all parties, the following:

(✓)    Defendant's Answers to Plaintiff's Interrogatories

(✓)    Defendant's Response to Plaintiff's Request for Production

_____
D. Edward Starnes, III (STA011)
Attorney for Defendant

Of Counsel:

LANIER FORD SHAVER & PAYNE P.C.
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100
des@lanierford.com

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record listed below who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

> J. Wilson Mitchell
> Mitchell, Burdine & Bernauer
> 1905 Bruin Drive
> Florence, AL 35630

Dated this _27th_ day of _August_, 2015.

_____
Of Counsel

[ng]K:\AMarks\mCcLURE,pAMELA [OasisOutsourcing]\nos.dis.wpd



**AlaFile E-Notice**

41-CV-2014-900414.00

To:  D. EDWARD STARNES III
     des@lanierford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 8/27/2015 12:35:54 PM

Notice Date:      8/27/2015 12:35:54 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.homan@alacourt.gov



AlaFile E-Notice

41-CV-2014-900414.00

To:  MITCHELL JAMES WILSON
jwm82256@aol.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 8/27/2015 12:35:54 PM

Notice Date:        8/27/2015 12:35:54 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728
missy.homan@alacourt.gov

| **STATE OF ALABAMA** Unified Judicial System | Revised 3/5/08 | **Cas** | ELECTRONICALLY FILED 9/29/2015 9:25 AM 41-CV-2014-900414.00 CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA MISSY HOMAN, CLERK |
|---|---|---|---|
| 41-LAUDERDALE | ☐ District Court  ☑ Circuit Court | CV2(  | |

| CIVIL MOTION COVER SHEET | |
|---|---|
| PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC. | *Name of Filing Party:* D001 - OASIS OUTSOURCING, II, INC. |

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.* | ☐ Oral Arguments Requested |
|---|---|
| D. EDWARD STARNES III 2101 W. Clinton Ave., Suite 102 HUNTSVILLE, AL 35805 | |
| *Attorney Bar No.:* STA011 | |

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend ☐ Change of Venue/Transfer ☑ Compel ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ pursuant to Rule _____ ($50.00) | ☐ New Trial ☐ Objection of Exemptions Claimed ☐ Pendente Lite ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash ☐ Release from Stay of Execution |
| | ☐ Sanctions ☐ Sever |
| ☐ Local Court Costs $   0.00 | ☐ Special Practice in Alabama ☐ Stay |
| | ☐ Strike ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify ☐ Withdraw |
| | ☐ Other _____ pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date: 9/29/2015 9:25:18 AM | Signature of Attorney or Party: /s/ D. EDWARD STARNES III |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 34

ELECTRONICALLY FILED
9/29/2015 9:25 AM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | | |
|---|---|---|
| PAMELA E. MCCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CV-2014-900414-GPS |
| | ) | |
| OASIS OUTSOURCING, II, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO COMPEL

Comes now the Defendant, Oasis Outsourcing, II, Inc., pursuant to A.R.C.P. Rule 37(a)(2), who moves the Court to enter an Order compelling the Plaintiff to respond to Interrogatories and a Request for Production served on Plaintiff on May 19, 2015.

As grounds therefore, Defendant would show the Court as follows:

1.  Plaintiff was served with two sets of Interrogatories and a Request for Production, one related to the workers' compensation claim and one related to the retaliatory discharge claim on May 19, 2015.

2.  Plaintiff's responses were due on or before June 18, 2015.

3.  Plaintiff did not timely respond to Defendant's discovery.

4.  Pursuant to A.R.C.P. Rule 37(a)(2), Defendant has communicated with Plaintiff's counsel and has requested that the Plaintiff respond to the discovery by a date certain.

5.  Plaintiff has failed and/or refused to respond to Defendant's discovery requests.

Wherefore, Defendant moves the Court to enter an Order compelling plaintiff to respond to Defendant's Interrogatories and Request for Production within 15 days.

D. Edward Starnes, III (STA011)
Travis S. Jackson (JAC093)

Attorneys for the Defendant
Oasis Outsourcing, II, Inc.

LANIER FORD SHAVER & PAYNE P.C.
2101 West Clinton Avenue, Suite 102
P. O. Box 2087 [35804]
Huntsville, Alabama  35805
(256) 535-1100
Fax:  (256) 533-9322
des@lanierford.com
tsj@lanierford.com

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the Alabama Judicial System electronic filing system which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows, on this the 29th day of September, 2015:

J. Wilson Mitchell
SUTTLE MITCHELL & BURDINE
1905 Bruin Drive
Florence, Alabama  35630

Of Counsel

2



**AlaFile E-Notice**

41-CV-2014-900414.00

Judge: GILBERT P SELF

To: D. EDWARD STARNES III
des@lanierford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following matter was FILED on 9/29/2015 9:25:45 AM

**D001 OASIS OUTSOURCING, II, INC.**

MOTION TO COMPEL

[Filer: STARNES DEWEY EDWARD III]

Notice Date:      9/29/2015 9:25:45 AM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728



AlaFile E-Notice

41-CV-2014-900414.00

Judge: GILBERT P SELF

To:   MITCHELL JAMES WILSON
      jwm82256@aol.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following matter was FILED on 9/29/2015 9:25:45 AM

**D001 OASIS OUTSOURCING, II, INC.**

MOTION TO COMPEL

[Filer: STARNES DEWEY EDWARD III]

Notice Date:      9/29/2015 9:25:45 AM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728

DOCUMENT 36



ELECTRONICALLY FILED
9/29/2015 1:01 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

| | | |
|---|---|---|
| MCCLURE PAMELA E., | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) Case No.: | CV-2014-900414.00 |
| | ) | |
| OASIS OUTSOURCING, II, INC., | ) | |
| Defendant. | ) | |

### ORDER

The Defendant's Motion to Compel is GRANTED in part.  The Plaintiff is allowed 21 days to fully and incompetently answer and respond to both sets of interrogatories  and the request for production.

**DONE this 29th day of September, 2015.**

**/s/ GILBERT P SELF**
_____

**CIRCUIT JUDGE**

DOCUMENT 37



AlaFile E-Notice

41-CV-2014-900414.00

Judge: GILBERT P SELF

To:  MITCHELL JAMES WILSON
     jwm82256@aol.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

A court action was entered in the above case on 9/29/2015 1:01:53 PM

ORDER

[Filer: ]

Disposition:      GRANTED
Judge:            GPS

Notice Date:      9/29/2015 1:01:53 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728



**AlaFile E-Notice**

41-CV-2014-900414.00

Judge: GILBERT P SELF

To:  STARNES DEWEY EDWARD III
des@lanierford.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

A court action was entered in the above case on 9/29/2015 1:01:53 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           GPS

Notice Date:     9/29/2015 1:01:53 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728

DOCUMENT 38

ELECTRONICALLY FILED
10/2/2015 12:24 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

STATE OF ALABAMA

LAUDERDALE COUNTY

**PAMELA E. MCCLURE,**

      Plaintiff,

v.

**OASIS OUTSOURCING, II, INC.,**
and defendants "A", "B" and "C", said
defendants "A", "B" and "C" being the
correct legal designation of Oasis
Outsourcing, II, Inc. and/or being the
correct legal designation of the
employer of plaintiff on or about January
22, 2012, for on or about any period of
time material herein, including the date
of injury forming the basis of this Worker's
compensation action, and being the person,
firm or corporation who wrongfully
terminated plaintiff forming the basis of
Count Two herein, whose names are
otherwise unknown to plaintiff but will
be added by amendment hereto when
ascertained,

      Defendants.

IN THE CIRCUIT COURT

CASE NO. CV-2014-900414

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## FIRST AMENDED COMPLAINT

## COUNT ONE - WORKER'S COMPENSATION BENEFITS

1.    Plaintiff Pamela E. McClure is a resident citizen of Lauderdale County,

Alabama, and is over the age of nineteen (19) years.

2.    Defendant Oasis Outsourcing, II, Inc. is upon information and belief, a

foreign corporation regularly conducting business in the state of Alabama as Holiday Inn

Express at 180 Ettu Gray Street, Florence, Alabama 35630.

3.    Defendants "A", "B" and "C" being the correct legal designation of

DOCUMENT 38

defendant Oasis Outsourcing II, Inc. and/or being the correct legal designation of the employer of plaintiff on or about January 22, 2012 and/or July 1, 2014, and/or for on or about any period of time material herein, including the date of injury forming the basis of this Worker's Compensation action, and being the person, firm or corporation who wrongfully terminated plaintiff forming the basis of Count Two herein, whose names are otherwise unknown to plaintiff but will be added by amendment hereto when ascertained.

4.     On or about January 22, 2012, while in the line and scope of her employment with defendant, plaintiff sustained an on the job injury, including, but not limited to right shoulder, requiring medical treatment, and surgery on or about September 13, 2012, and will require future medical treatment, future surgery, causing permanent, partial disability, and/or causing plaintiff permanent total disability, and/or causing plaintiff diminished capacity to the body as a whole.

5.     While working for defendant, plaintiff had an average weekly wage of approximately $412.00.

6.     As a direct and proximate consequence of the said work related injury, plaintiff has been caused to suffer permanent diminished ability to her right shoulder, her right arm, her left shoulder, her left arm, her neck, spine, and suffered permanent substantial adverse consequences to the body as a whole.

7.     As a direct and proximate consequence of said injuries, that plaintiff sustained herein, plaintiff is now, and continues to be temporarily and totally disabled and/or permanently and partially disabled and/or permanently totally disabled.

8.     Defendant received actual notice of said work related injury, and is paying for and has paid for medical treatment and surgery for same, and defendant has been paid

temporary total disability payments, for six to eight weeks following the September 13, 2012 surgery to plaintiffs right shoulder.

9.      THEREFORE, plaintiff prays for the following relief:

(a)      That this Honorable Court will authorize and confirm the employment of J. Wilson Mitchell of the firm of Mitchell, Burdine & Bernauer as attorney for plaintiff and will accept this verified pleading as the sworn testimony of plaintiff for the relief prayed for; and

(b)      That this Honorable Court will award plaintiff from defendant Oasis Outsourcing, II, Inc. "A", "B" and "C".

(1)      Unpaid temporary total disability benefits due;

(2)      Permanent partial disability benefits due;

(3)      Permanent total disability benefits due;

(4)      Payments for medical benefits past, present and future;

(5)      Payment for vocational rehabilitation; and

(6)      For such other, further, or different relief as to which plaintiff may be entitled under the Worker's Compensation Laws of the State of Alabama, plus interest, costs, and a reasonable attorney's fee.

## COUNT TWO - WRONGFUL TERMINATION

10.      Plaintiff reasserts Paragraphs 1-9 as though fully set out herein and in addition thereto asserts the following.

11.      On or about July 1, 2014 defendant unlawfully terminated the employment of plaintiff with defendant in violation of Alabama Code Section 25-5-11.1.

12.      As a proximate consequence of the unlawful and/or wrongful termination

plaintiff suffered the loss of income, the loss of employment, and will so suffer into the future, suffered loss of benefits, and will suffer into the future and suffered mental anguish, emotional distress, and other damages according to proof.

13. THEREFORE, plaintiff demands judgment against defendant Oasis Outsourcing, II. Inc. "A", "B" and "C" in an amount to be determined by the trier of fact herein, said amount to be in excess of the jurisdictional requirements of this Honorable Court, as both compensatory and punitive damages, plus interest, costs, an attorney's fee, and for such other, further or different relief as to which plaintiff is entitled.

## COUNT THREE - DISABILITY DISCRIMINATION

## JURISDICTION AND VENUE

14. Plaintiff reasserts the allegations of Counts One and Two of plaintiff's original Complaint as though fully set out herein, and in addition thereto asserts the following:

15. This Count Three of plaintiff's First Amended Complaint is brought pursuant to the Americans with Disabilities Act 42 U.S.C. Section 12101, et seq. Venue is proper.

## PARTIES

16. Plaintiff Pamela E. McClure is a resident citizen of Lauderdale County, Alabama, and is over the age of nineteen (19) years, and plaintiff was formerly employed by defendant at it business location in Lauderdale County, Alabama.

17. Defendant Oasis Outsourcing II. Inc. is upon information and belief a foreign corporation regularly conducting business in Lauderdale County, Alabama d/b/a Holiday Inn Express, and at all times relevant to this action employed at least fifteen (15)

employees, and defendant was plaintiff's employer for purposes of the allegations contained herein.

## ADMINISTRATIVE PROCEDURES

18. Within 180 days of the act of discrimination (disability discrimination), of which plaintiff complains in Count Three herein, plaintiff timely filed a Charge of Discrimination with the U. S. Equal Employment Opportunity Commission, having Charge No. 846-2014-38035, a copy of which is attached hereto as Exhibit "A", and which is incorporated by reference as though fully set out herein.

19. Plaintiff received a Dismissal and Notice of Rights (Right to Sue Letter) from the EEOC dated July 30, 2015, a copy of which is attached hereto as Exhibit "B", and which is incorporated by reference as though fully set out herein, which authorized suit.

## STATEMENT OF CLAIM

20. Plaintiff was employed by defendant at defendant's business location in Lauderdale County, Alabama d/b/a Holiday Inn Express at 180 Etta Gray Street, Florence, Alabama 35630 with a hire in date of on or about November 3, 2010 in the position of housekeeper.

21. Plaintiff adequately performed the duties of the housekeeping department for defendant.

22. On or about or around February 22, 2012, while in the line and scope of employment with defendant plaintiff sustained an on the job injury including but not limited to injury to plaintiff's right shoulder, requiring medical treatment, and surgery.

23. On or about September 13, 2012 after receiving treatment for said injury,

plaintiff was returned to work with restrictions.

24.     On or about July 1, 2014 defendant wrongfully terminated plaintiff's employment in violation of the Americans with Disabilities Act, Glenda Gilliam telling plaintiff she was fired because "I didn't know your injury was going to be permanent."

25.     Defendant's wrongful conduct was intentional, or was malicious, or was done with reckless indifference to the federally protected rights of plaintiff so as to justify imposition of punitive damages pursuant to 42 U.S.C. Section 1981a (b) (1).

26.     As a proximate consequence of the wrongful and unlawful actions by defendant, plaintiff suffered and continues to suffer actual loss of earnings, diminished earning capacity in the future, loss of future earnings, incurred expenses in seeking other employment, loss of past and future benefits, suffered mental anguish, suffered emotional distress, and other damages according to proof.

## PRAYER FOR RELIEF

27.     THEREFORE, plaintiff prays that this Court:

A.      Will assume jurisdiction of plaintiff's First Amended Complaint;

B.      Enter a declaratory judgment declaring that defendant's actions are violative of plaintiff's rights pursuant to the federal statute cited herein;

C.      Award compensatory damages in an amount proven by plaintiff to compensate plaintiff for loss of wages, mental anguish, emotional distress, and other damages as set forth above, plus an award of punitive damages based upon defendant's conduct;

D.      Enter an injunctive order requiring plaintiff to be reinstated to her position of employment with defendant with back benefits equivalent to the position plaintiff

would have held had to not refused to return plaintiff to work and had not wrongfully
terminated plaintiff's employment;

E.     Award plaintiff back-pay and/or front-pay in lieu of reinstatement and
award plaintiff such other, further or different relief as to which plaintiff is entitled
including but limited to nominal damages, interest, costs, and a reasonable attorney's fee.


Respectfully submitted,


*Pamla McClere*

Pamela E. McClure


Sworn to and subscribed before me on this the 15th day of September, 2015.


Notary Public
My Commission Expires 1-7-18


J. Wilson Mitchell        (MIT016)
Attorney for plaintiff
Pamela E. McClure

MITCHELL, BURDINE & BERNAUER
1905 Bruin Drive
Florence, AL 35630

(256) 767-4900

## CERTIFICATE OF SERVICE

I do hereby certify that on the ___2 nd___ day of October, 2015, I have served a true and correct copy of the above and foregoing pleading on all counsel or parties of record by either filing the same electronically where available or by placing the same in the United States Postal Service, postage prepaid and properly addressed.

J. Wilson Mitchell

DOCUMENT 38

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2014-38035 |
| | | and EEOC |

| _State or local Agency, if any_ | | |
|---|---|---|
| Name (Indicate Mr., Ms., Mrs.)<br>Ms. Pamela E. McClure | Home Phone (Incl. Area Code)<br>(256) 443-4792 | Date of Birth<br>01-01-1960 |
| Street Address                          City, State and ZIP Code<br>1041 Wood Avenue, Apt. A, Florence, AL 35630 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>HOLIDAY INN EXPRESS | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(256) 246-2200 |
|---|---|---|
| Street Address                          City, State and ZIP Code<br>180 Etta Gray Street, Florence, AL 35630 | | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address                          City, State and ZIP Code | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest        Latest<br>07-01-2014   07-01-2014 |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the above named employer on November 3, 2010, in the position of House Keeper. I performed my duties without complaints. In February 2012, I suffered an on-the-job injury. As a result, my doctor placed me on restrictions. I returned to work and performed my duties without incident until on July 1, 2014, when I visited my doctor again about the injury. After the visit, I received a telephone call from Glenda Gilliam, General Manager, who informed me that I was being terminated because of my restrictions, which I had been working under since 2012 without any problems. At all times, I was able to perform the essential functions of my job.

I believe that I was discriminated against and terminated because my employer regarded me as being disabled, in violation of the Americans With Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 10-23-14        _Pamela McClure_<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT  A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To    Pamela E. Mcclure<br>1041 Wood Avenue<br>Apt. A<br>Florence, AL 35630 | From:    Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2014-38035 | LATOYA A. LOWE,<br>Investigator | (205) 212-2137 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Deiner Franklin-Thomas,
District Director

JUL 3 0 2015

(Date Mailed)

Enclosures(s)

cc:    Holiday Inn Express
C/O Kimberly R. Ward
JACKSON LEWIS, PC
First Commercial Bank Building
800 Shades Crest Pkwy, Suite 870
Birmingham, AL 35209

EXHIBIT "B"



AlaFile E-Notice

41-CV-2014-900414.00

To: J WILSON MITCHELL
jwm82256@aol.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following complaint was FILED on 10/2/2015 12:24:37 PM

Notice Date:     10/2/2015 12:24:37 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728



AlaFile E-Notice

41-CV-2014-900414.00

To:  STARNES DEWEY EDWARD III
     des@lanierford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following complaint was FILED on 10/2/2015 12:24:37 PM

Notice Date:     10/2/2015 12:24:37 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728

DOCUMENT 40

ELECTRONICALLY FILED
10/2/2015 12:35 PM
41-CV-2014-900414.00
CIRCUIT COURT OF
LAUDERDALE COUNTY, ALABAMA
MISSY HOMAN, CLERK

STATE OF ALABAMA        IN THE CIRCUIT COURT

LAUDERDALE COUTNY        CASE NO. CV-2014-900414-OPS

| | |
|---|---|
| PAMELA E. MCCLURE. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OASIS OUTSOURCING II, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S NOTICE OF RESPONSE TO DISCOVERY REQUESTS

1.        TAKE NOTICE that plaintiff Pamela E. McClure has responded to defendant's First Set of Interrogatories (Worker's Compensation), First Set of Interrogatories (Retaliatory Discharge), First Request for Production (Worker's Compensation), and First Request for Production (Retaliatory Discharge).

Done this the __2__ day of October, 2015.

Respectfully submitted,

J. Wilson Mitchell     (MIT016)
Attorney for plaintiff
Pamela E. McClure

MITCHELL, BURDINE & BERNAUER
1905 Bruin Drive
Florence, AL 35631
256-767-4900

## CERTIFICATE OF SERVICE

I do hereby certify that on the _____ 2 _____ day of October, 2015, I have served a true and correct copy of the above and foregoing pleading on all counsel or parties of record by either filing the same electronically where available or by placing the same in the United States Postal Service, postage prepaid and properly addressed.


                                        _____
                                        J. Wilson Mitchell



AlaFile E-Notice

41-CV-2014-900414.00

To:  J WILSON MITCHELL
jwm82256@aol.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 10/2/2015 12:35:40 PM

Notice Date:     10/2/2015 12:35:40 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728



**AlaFile E-Notice**

41-CV-2014-900414.00

To: STARNES DEWEY EDWARD III
des@lanierford.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, ALABAMA

PAMELA E. MCCLURE V. OASIS OUTSOURCING, II, INC.
41-CV-2014-900414.00

The following discovery was FILED on 10/2/2015 12:35:40 PM

Notice Date:     10/2/2015 12:35:40 PM

MISSY HOMAN
CIRCUIT COURT CLERK
LAUDERDALE COUNTY, ALABAMA
200 SOUTH COURT STREET
FLORENCE, AL 35630

256-760-5728